IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-CR-00232-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARINO BERNARD SCOTT,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on July 21, 2017. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the proffers by the defendant and the government.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by the government

and defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment with Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1).

Second, based upon the Indictment, I find probable cause exists as to the above listed charge.

Third, I find that nature of the charge in this case involves the possession of a firearm and ammunition by a previously convicted felon.

Fourth, I find that defendant has a history of marijuana and cocaine use.  The defendant first used marijuana at age 6 and cocaine at age 13.  Defendant previously smoked marijuana laced with cocaine.  Defendant has participated in substance abuse treatment while incarcerated.  Defendant has used five alias names and one alias social security number in the past. Defendant has suffered at least three prior failures to appear and at least two prior failures to comply all resulting in warrants being issued.

Fifth, I find that defendant has suffered **juvenile adjudications** for Malicious Mischief [two separate adjudications]; Shoplifting; Petit Larceny; Receiving and Concealing Stolen Property [three separate adjudications]; Grand Larceny of an Automobile [two separate adjudications]; Unlawful Possession of Marijuana; and Unlawful Possession of Cocaine with Intent to Sell or Deliver.  Defendant has suffered **adult convictions** for Burglary of a Dwelling (felony); Theft of Property Less Than $500 (misdemeanor); No Driver's License [five separate convictions]; Unlawful Possession of a Weapon- Public Place [two separate convictions]; Robbery (felony); Driving While License is Suspended/Revoked/Cancelled [two separate convictions]; Possession of a Controlled Substance (misdemeanor); Vehicle Operator Without Insurance (misdemeanor); First Degree Aggravated Car Theft $500 or More in Damage (felony); Menacing use of a Deadly Weapon (felony); Expired License Plates [two separate convictions]; Attempted Aggravated Battery with a Firearm (felony); Attempted First Degree Aggravated Motor Vehicle Theft Under $15,000 (felony); Aggravated Burglary (felony) [four separate convictions]; Evading Arrest (felony)[two separate convictions];

Vandalism Over $500 (felony); Theft Over $1,000 (felony); Theft of Property Over $500 (felony) [three separate convictions]; Taking Contraband Into a Penal Facility (felony); and Bank Robbery (felony).  Defendant has two other pending criminal cases.  He has a pending case in the Shelby County General Sessions Court, State of Tennessee under Case No. 16002851 wherein he is charged with Tampering with Fabricating Evidence and Possession of Marijuana with Intent to Manufacture/Deliver/Sell and in the El Paso County District Court, State of Colorado under Case No. 17-cr-2071 wherein he is charged with Five Separate Counts of Possession of a Weapon by a Previous Offender - Any Prior Felony (felony) and Tampering with Physical Evidence Destroy (felony).  Defendant has had his probation, parole and supervised released revoked in the past on many occasions.  Defendant has committed to criminal offenses while on probation or parole in the past. Defendant is a flight risk and a danger to the community.

In light of these facts, I find, by clear and convincing evidence, that defendant is both a flight risk and a danger to the community and that no condition or combination of conditions of release will reasonably assure his presence in court and the safety of the community.  Accordingly, I order that the defendant be detained without bond.

Done this 21st day of July 2017.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge