IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 17-cr-00232-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MARINO BERNARD SCOTT,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Colleen Covell, Assistant United States Attorney for the District of Colorado, and Defendant, MARINO BERNARD SCOTT, personally and by counsel, Mary Butterton, submit the following Plea Agreement pursuant to D.C. Colo. LCrR 11.1.

### I. AGREEMENT

**A. *Defendant's Plea of Guilty:***

The defendant agrees to plead guilty to Counts One and Two of the Indictment, both charging a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition. The defendant will also enter an admission to the forfeiture allegation.

**B. *Government's Obligations:***

In exchange for the defendant's plea of guilty, the United States agrees to recommend the Court give the defendant full credit for acceptance of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing. The government

Court's Exhibit 1

further agrees not to bring other charges against the defendant, arising from this incident, based on information currently known to the United States Attorney's Office, District of Colorado.

### C. Defendant's Abandonment of Right, Title and Claim to Seized Property—Firearms and Ammunition

The defendant hereby agrees that any firearm(s) and/or ammunition as defined in 18 U.S.C. § 921, seized on the day of the defendant's arrest and currently in the custody and/or control of the Bureau of Alcohol, Tobacco and Firearms, were properly seized and are subject to forfeiture to the government according to 18 U.S.C § 924(d) and/or that the firearms and/or ammunitions constitute evidence, contraband, or fruits of the crime to which the defendant has pleaded guilty. Accordingly, the defendant relinquishes all claim, title and interest he has in the firearm and the ammunition found to the United States with the agreement and consent that the Court, upon approval of this Plea Agreement, hereby directs the Bureau of Alcohol, Tobacco and Firearms, or any other appropriate agency, to destroy the firearm and/or ammunition forthwith without further obligation or duty whatsoever owing to the defendant or any other person. The defendant waives any right he may have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the United States might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the property described above. The defendant freely and voluntarily relinquishes any and all rights, title, and claim to the firearm and ammunition.

## II. APPELLATE WAIVER

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence or the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 23; or (3) the government appeals the sentence imposed.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## III. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offenses to which this plea is being tendered are as follows:

*First*: The defendant knowingly possessed a firearm and ammunition;

3

*Second*: The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm and ammunition; and

*Third*: Before the defendant possessed the firearm and ammunition, the firearm and ammunition had moved across state lines.

Note: The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term also includes the frame or receiver of any such weapon, or any firearm muffler or silencer, or destructive device.

## IV. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is not more than 10 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and pursuant to 18 U.S.C. § 924(e)(1), the statutory penalty is not less than fifteen years' imprisonment and up to life.

## V. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## VI. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and

4

computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the facts are as follows:

*On April 11, 2017, officers of the Colorado Springs Police Department (CSPD) contacted defendant in relation to a domestic disturbance at 5150 Airport Rd., B70, Colorado Springs, Colorado, a house in a trailer park. During the course of their investigation, the CSPD officers learned that defendant, a previously convicted felon, likely moved firearms out of a safe he maintained at his wife's residence when he learned police were responding to his wife's 911 call, and moved them to his residence at 5150 Airport Rd., D141, Colorado Springs, Colorado. While police prepared search warrants for defendant's residence and truck, two males approached police and stated that they were friends of defendant and stated that they were there to complete construction work on defendant's residence, trailer D141. During the conversation, police heard the sound of a chain link fence rattling on the opposite side of the trailer. An officer moved around the trailer to investigate and observed defendant standing next to the driver's side of his Ford work truck. Defendant was closing the driver's door of the truck as the officer came around the corner. Defendant then ran to the west, away from police. The officer deployed his Taser, which struck defendant, but was ineffective. Defendant continued to run west along the*

5

*north side of trailer D140 then south from trailer D140 to a shed located behind the neighboring residence, trailer D139. As defendant rounded the corner of D139, the officer heard a loud banging noise. It appeared to the officer that defendant had collided with a metal shed that was located on the west end of trailer D139. As the officer came around the corner, he observed defendant stepping away from the metal shed with his hands held in the air in surrender. Defendant was placed into custody. After defendant was detained, police retraced the route of the chase. Along the route of the chase, the officer observed a black nylon bag in the northwest corner of lot D140. This bag had previously been observed in the bed of defendant's truck by police. Police recovered the bag, which contained, among other things, three firearms: a Hi-Point, Model 995, 9mm, rifle S/N E74359; a Colt, Model Python, .357 caliber revolver S/N 25059E; and a Taurus, Model PT945, .45 caliber pistol S/N NTF26595. The bag also contained an antique replica handgun. Police recovered another firearm, a Smith & Wesson, SD40VE, .40 caliber pistol, S/N HEE5812, from underneath the metal shed where defendant was detained.*

*During a subsequent, recorded interview, defendant was advised of his Miranda rights and chose to waive his rights. Defendant admitted to possessing all four firearms during the interview.*

*Defendant has prior felony convictions which prohibit him from possessing firearms and ammunition. All of the firearms recovered from defendant were tested and functioned as designed to expel a projectile by the action of an explosive. The firearms were all manufactured outside of the state of Colorado prior to the date they were recovered and had traveled in interstate or foreign commerce.*

## VII. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A. The parties agree § 2K2.1(a)(2) applies and provides for a base offense level of **24**.

B. The parties agree that there is a **2-level** increase pursuant to §2K2.1(b)(1)(A) for the number of firearms.

C. The defendant should receive a **3-level** adjustment for acceptance of responsibility under § 3E1.1. The resulting total offense level would therefore would be **23**.

D. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. The parties estimate the defendant's criminal history category is **VI** with fifteen criminal history points. The government believes the armed career criminal statute *does* apply based on the following qualifying convictions:1992 Burglary of a Dwelling, 1992 Robbery, 1995

Menacing - Use of a Weapon, 1999 Attempted Aggravated Battery with Firearm, 2004 Aggravated Burglary, 2007 Bank Robbery.

E. <u>Imprisonment</u>: The advisory guideline range of imprisonment resulting from an offense level of 23 and a criminal history category of VI is **92 to 115** months. In order to be as accurate as possible, with the offense level and criminal history category undetermined at this time, the range for an offense 23 would be 46 months (bottom of Category I) to 115 months (top of Category VI). However, if the armed career criminal statute applies, the effective guideline range would be **180 months.**

F. Pursuant to guideline § 5E1.2, the fine range for this offense would $20,000 to $200,000 for an adjusted offense level of 23, plus applicable interest and penalties.

G. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term shall be at least one year but not more than three years.

No estimate by the parties regarding the guideline range precludes defendant (to the extent consistent with the express terms of this agreement) from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if he believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes defendant from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. §

3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VIII. ENTIRE AGREEMENT

This document states the parties' entire agreement as supplemented. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 12-14-2017

MARINO BERNARD SCOTT
Defendant

Date: 12/14/17

MARY BUTTERTON
Attorney for Defendant

Date: 12/14/17

COLLEEN COVELL
Assistant U.S. Attorney

9